**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1804

_____

RICHARD L. ABBOTT,
                                        Appellant

v.

LUKE W. METTE; KATHLEEN M. VAVALA; COLLINS J. SEITZ, JR.; JAMES T.
VAUGHN, JR.; TAMIKA R. MONTGOMERY-REEVES; GARY F. TRAYNOR;
KAREN L. VALIHURA

_____

Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-20-cv-00131)
District Judge:  Hon. Richard G. Andrews

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 6, 2021

_____

Before:  SHWARTZ, PORTER, and FISHER, <u>Circuit Judges</u>.

(Filed:  December 14, 2021)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Richard Abbott, an attorney licensed in Delaware, sued the five Justices of the Delaware Supreme Court and two attorneys from the Delaware Office of Disciplinary Counsel ("ODC"), an arm of the Supreme Court, claiming that the disciplinary investigation into his conduct violated state and federal law. He seeks solely declaratory and injunctive relief against the ongoing disciplinary proceeding. The District Court properly dismissed the case based on Younger abstention and so we will affirm.

I

A

The Delaware Supreme Court regulates the legal profession in Delaware. Through its rules, the Court has established several entities to oversee the investigation and prosecution of Delaware Bar members who are alleged to have violated the ethics rules and it appoints individuals to handle these duties. Del. Sup. Ct. R. 62(a), 62(c), 64(a). One of the entities is ODC. ODC screens and evaluates all complaints and conducts investigations. Del. Sup. Ct. R. 64(e)(1-3). If ODC determines that formal proceedings are necessary, it presents the matter to the Preliminary Review Committee ("PRC") of the Board on Professional Responsibility ("Board"). If PRC approves the institution of formal charges, then the Board holds formal proceedings and produces a final report for the Court. The Court then determines whether the charges have been proven and what

2

discipline, if any, is warranted. Del. Sup. Ct. R. 63.

B

Abbott has been the subject of ODC disciplinary investigations and proceedings. Most recently, Abbott received a notice from ODC that it planned to present five charges against him to the PRC and would recommend the filing of a petition for discipline with the Board. After receiving this notice, but before ODC presented charges to the PRC, Abbott filed this lawsuit. Shortly thereafter, the PRC approved ODC's petition to bring formal charges against Abbott.

Defendants moved to dismiss Abbott's complaint under Fed. R. Civ. P. 12(b)(6), arguing, among other things, that the District Court should abstain from hearing his claims under Younger v. Harris, 401 U.S. 37 (1971). Over Abbott's objections, the District Court adopted the Magistrate Judge's Report & Recommendation that Younger abstention was warranted and dismissed the complaint.[1]

Abbott appeals.

II[2]

A

Federal courts should decline to exercise jurisdiction under the Younger abstention

---

[1] The District Court also declined to grant a stay in lieu of dismissal as it found the Defendants would be immune from suit.

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291. Dismissals under Younger are subject to de novo review. PDX North, Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev., 978

3

doctrine in deference to ongoing state proceedings "in only a narrow range of cases." ACRA Turf Club, LLC v. Zanzuccki, 748 F.3d 127, 136 (3d Cir. 2014).  Such cases fall into three categories: (1) state criminal prosecutions, (2) state civil enforcement proceedings, or (3) state civil proceedings involving orders in furtherance of the state courts' judicial function.  Id. at 138 (citing Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 73 (2013)).  With respect to this final category, in Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423 (1982), the Supreme Court held that attorney disciplinary proceedings are "of a character to warrant federal-court deference" because they implicate vital state interests.  Id. at 434.  Abbott challenges his ongoing attorney disciplinary proceedings in Delaware.  Accordingly, his case falls into the narrow range of cases where Younger abstention may be appropriate.

Concluding this threshold requirement has been met, we next consider whether: (1) there are "ongoing judicial proceeding[s]"; (2) those "proceedings implicate important state interests"; and (3) there is "an adequate opportunity in the state proceeding to raise [federal] challenges."  PDX North, Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev., 978 F.3d 871, 883 (3d Cir. 2020) (citation omitted).  Abbott does not dispute that Delaware's attorney disciplinary proceedings implicate important state interests. Therefore, we will address only the first and third factors.

_____

F.3d 871, 881 n.11 (3d Cir. 2020) (detailing the shift to de novo review for Younger abstention in the Third Circuit).

4

1

We must first determine whether Delaware's disciplinary proceeding against Abbott constitutes an "ongoing judicial proceeding." Abbott argues that, because he filed his suit before formal charges were brought, there were no ongoing judicial proceedings, so his case is unlike Middlesex. Middlesex, however, is directly on point. First, like the New Jersey disciplinary system in Middlesex, the Delaware Supreme Court possesses ultimate authority over each stage of the proceedings, from complaint to final resolution, which either the Court or an arm of the Court carries out. See In re Pelletier, 84 A.3d 960, 962 (Del. 2014) ("This Court has the 'inherent and exclusive authority to discipline members of the Delaware Bar.'" (quoting In re Abbott, 925 A.2d 482, 484 (Del. 2007))); see also In re Infotechnology, Inc., 582 A.2d 215, 218 (Del. 1990) (noting that the court "alone[] has sole responsibility for . . . enforcing the Rules of Professional Conduct"); Del. Law. Disc. P. R. 1(a) (noting that the court is responsible for "dispos[ing] of individual cases of lawyer discipline" and "administer[ing] the lawyer disciplinary system"); Del. Sup. Ct. R. 64 cmt. (recognizing ODC as an "independent arm" of the court involved in regulating the conduct of lawyers and the practice of law).

Second, Middlesex arose in a similar procedural posture to this case. Like Abbott, an ethics complaint had been filed against the attorney in Middlesex before he decided to file suit in federal court. 475 U.S. at 428-29. Although Abbott is correct that formal charges were already brought against the attorney in Middlesex and Abbott was informed

5

only that charges would be brought, the filing of formal charges is not the start of the judicial proceedings. Rather, the filing of an ethics complaint itself was "in effect a filing with the [state's] Supreme Court" of a case that its designee thereafter investigates and the state supreme court adjudicates. Id. at 433 (quoting Toft v. Ketchum, 113 A.2d 671, 674 (1955)). Thus, "[f]rom the very beginning[,] a disciplinary proceeding is judicial in nature." Id. at 433.

Abbott similarly filed his suit after an ethics complaint was filed and after ODC had conducted disciplinary investigations and proceedings and issued a notice of impending disciplinary charges. Thus, Abbott's argument that there were no ongoing judicial proceedings because formal proceedings had not yet begun fails.

2

There was also an adequate opportunity in the Delaware disciplinary proceedings for Abbott to raise his federal claims. When opposing Younger abstention, a federal plaintiff bears the burden of demonstrating that "state procedural law barred presentation of [his] claims." Schall v. Joyce, 885 F.2d 101, 107 (3d Cir. 1989) (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987)). Abbott has not carried his burden. First, Rule 9 of the Delaware Lawyers' Rules of Disciplinary Procedure does not bar an attorney from raising constitutional or RICO claims. Rule 9(d)(2) provides only that, in formal proceedings before the Board, an attorney shall serve an answer upon ODC within twenty

6

days of being served with a petition.[3]  Del. Law. Disc. P. R. 9(d)(2).  Thus, Rule 9's text

does not explicitly bar an attorney from filing counterclaims or otherwise raising federal

or state claims in attorney disciplinary proceedings.  Second, ODC informed Abbott that

it would recommend filing a petition for discipline and that he could send a "written

statement" to ODC for submission to the PRC.  A-95.  Nothing in the record shows

Abbott attempted to raise any federal or state claims in the statement he was invited to

provide.  A party may not "escape <u>Younger</u> abstention by failing to assert [his] state

remedies in a timely manner."  <u>Pennzoil</u>, 481 U.S. at 16 n.16.  Furthermore, when a

litigant has not attempted to present his federal claims in the related state-court

proceedings, we presume that state procedures will afford an adequate remedy "in the

absence of unambiguous authority to the contrary."  <u>Id.</u> at 15.  Abbott has presented no

such authority.

This failure is unsurprising.  As the Supreme Court observed in <u>Middlesex</u>,

because the New Jersey Supreme Court had ultimate authority over disciplinary

---

[3] Notably, the Delaware Superior Court Rules of Civil Procedure do not separately address the filing of counterclaims, but Rules 7(a) and 8(a) of those rules set forth permissible pleadings, including answers with cross-claims and replies to counterclaims. Del. Super. Ct. R. Civ. P. 7(a), 8(a).  Given that the civil procedure rules refer to answers without specifically referring to counterclaims, yet permits replies to them, it is fair to infer that use of the word "answer" envisions the use of counterclaims.  This inference is strengthened by Rule 8(a)'s mention of counterclaims as a permissible pleading form.  It is therefore reasonable to infer that use of the word "answer" in Rule 9 of the disciplinary rules carries a similar meaning.  In any event, even if what constitutes an "answer" under Rule 9 is ambiguous, "[w]e cannot assume that state judges will interpret ambiguities in state procedural law to bar presentation of federal claims."  <u>Pennzoil</u>, 481 U.S. at 15.

procedures and the ethics committees were arms of the court, it would be "difficult" to conclude that there was no adequate opportunity to raise constitutional claims in attorney disciplinary proceedings. See 457 U.S. at 435-36 (noting the "unique relationship" of the court and the committees). Similarly, Abbott has not shown in this case that the Delaware Supreme Court lacks authority to consider constitutional or statutory federal claims. See Tafflin v. Levitt, 493 U.S. 455, 458 (1990) (recognizing concurrent federal and state jurisdiction over RICO claims). Because Abbott has failed to show that there is any procedural bar prohibiting him from raising counterclaims in the attorney disciplinary proceedings, we conclude that those proceedings present an adequate opportunity for Abbott to raise his claims.[4]

For these reasons, the District Court correctly abstained under Younger.

B

Furthermore, none of the Younger exceptions apply. Abstention may be inappropriate where there is a showing of bad faith or harassment. Middlesex, 457 U.S. at 435. A prosecution or proceeding is conducted in "bad faith" for abstention purposes when it is brought "without hope" of success. Perez v. Ledesma, 401 U.S. 82, 85 (1971). The bad faith exception may also be implicated when a plaintiff shows that the state

---

[4] Abbott also asserts that his inability to obtain the discovery he seeks during the attorney disciplinary proceedings impedes his ability to fully pursue his claims. Pennzoil, however, requires only an inquiry into whether state law bars the assertion of claims, 481 U.S. at 14, and the Delaware Supreme Court can address his complaints about the discovery orders.

8

proceeding was "initiated with and is animated by a retaliatory, harassing, or other illegitimate motive." Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 199 (2d Cir. 2002). The plaintiff bears the burden of showing bad faith or harassment. Schall, 885 F.2d at 106.

Abbott has not demonstrated that ODC instituted the proceedings without any expectation of success. ODC is proceeding based upon a complaint from the Vice Chancellor of the Delaware Court of Chancery arising from Abbott's alleged conduct in a case before that court. His assertion of bad faith and harassment, premised on his view that ODC is engaging in a "fishing expedition" and his past encounters with ODC, A-37, does not show that ODC's case has no hope of success. Moreover, Abbott's disagreement with the merits of the disciplinary action does not mean it was pursued in bad faith. Furthermore, he has adduced no evidence that the current proceedings were initiated to harass him. As a result, Abbott's assertions do not show bad faith or harassment.[5]

Abbott has also failed to identify any extraordinary circumstances that counsel against applying Younger abstention. Extraordinary circumstances exist if the state proceeding "present[s] a significant and immediate potential for irreparable harm to the

---

[5] Abbott asserts that ODC's charge of engaging in undignified and discourteous conduct was in retaliation for private and privileged statements he made in a pro se capacity. Because the record does not reveal the substance of his comments, we cannot determine whether the speech was protected or the charge is brought in bad faith or stems from an improper motive.

9

federal interests asserted." Schall, 885 F.2d at 106; see also Zahl v. Harper, 282 F.3d 204, 210 (3d Cir. 2002) (recognizing that comity is not strained when a federal court "cuts off state proceedings that entrench upon the federal domain" (quotation marks and citations omitted)). In these circumstances, the appropriateness of abstention is predicated solely "upon the significance of the federal interest invoked." Zahl, 282 F.3d at 210 (quotation marks and citation omitted).

Abbott has not identified any federal interest that is jeopardized by the Delaware disciplinary proceedings. Moreover, it is undisputed that Delaware has a substantial interest in regulating the conduct of members of the Delaware Bar. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983) (noting state's interest in regulating the legal professional "is especially great since lawyers are essential to the primary governmental function of administering justice" (quoting Goldfarb v. Virginia State Bar, 421 U.S. 773, 792 (1975))); see also Middlesex, 457 U.S. at 434 (observing state has an "extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses"). Given that there is a substantial state interest and Abbott has failed to identify any federal interest at risk, there are no extraordinary circumstances that make Younger abstention inappropriate here.

10

III

For the foregoing reasons, we will affirm the order dismissing the complaint based upon <u>Younger</u>.[6]

---

[6] Because Abbott does not address the District Court's decision not to stay the case in his opening brief, he has forfeited any challenge to that ruling. <u>See</u> <u>In re Wettach</u>, 811 F.3d 99, 115 (3d Cir. 2016) (holding that the failure to develop arguments in an opening brief constitutes forfeiture of those issues).